TUCKER, Judge:
This is an expropriation suit involving the taking of a strip of land approximately 8.04 feet wide and 395.5 feet long, on the east side of Range Avenue in Denham Springs, Louisiana. According to the map attached to the petition for expropriation, the piece taken comprises more nearly an average width of 8.38 feet by a length of 398.16 feet. The parties do not dispute that the taking involved approximately 3316 square feet. The defendants, Robert S. Mellon and J. Douglas Nesom, were the owners of the tract of land from which this strip was taken by the State under La.Const., Art. VI, sec. 19.1 (1921) as amended, and the “Quick-taking Statute,” R.S. 48:441-48:460, for Louisiana State Project No. 832-32-02, as described below, with full reservations to the owners of all oil, gas, or other minerals located under the property in accordance with R.S. 9:5806, as amended by Act 278 of 1958.
STATE PROJECT NO. 832-32-02, INTERSECTION 1-12 — DENHAM SPRINGS HIGHWAY (RANGE ROAD), STATE ROUTE La 3002, LIVINGSTON PARISH provides for the widening and construction of a Portland Cement Concrete pavement four lane divided roadway, with curb and gutters, off-site drainage and sub-surface drainage, along that portion of State Route La 3002 (Range Road) in the City of Denham Springs, Parish of Livingston, beginning at the north end of the State Route La 3002 Interchange on State Route La 1-12 and extending northward along State Route La 3002 (Range Road) to its junction with State Route La-US 190, a total distance of 1.667 miles.
The tract from which the strip in question was taken, was approximately 1.3 *913 acres, situated on the east side of Range Avenue, fronting approximately 395 feet on Range Avenue, to an average depth of 152 feet, and also fronting partially on an adjoining street, Cooper Street, for a distance of approximately 43.5 feet. The northern one-half of defendants’ property is designated Lots 18 and 19 of Wildwood Acres Subdivision in the City of Denham Springs. The taken tract is more particularly described as follows:
“A certain tract or parcel of land, together with all of the improvements situated wholly or partially thereon, and all rights, ways, privileges, servitudes and advantages thereunto belonging or in anywise appertaining, situated in the Parish of Livingston, State of Louisiana in Sections 6 and 37, Township 7 South, Range 3 East, GREENSBURG LAND DISTRICT and shown as Parcel No. 408 on a white print of a plat of survey made by Blanchard J. Marchand, Registered Land Surveyor, dated Ausut 26, 1968, revised annexed to the above entitled and numbered suit, said tract or parcel of land being outlined in red and being more particularly described according to said plat of survey, as follows:
PARCEL NO. 4-8:
Begin at the point where the southerly right-of-way line of Cooper Street intersects the existing westerly right-of-way line of La 3002 for the point of beginning; thence from said point of beginning proceed North 75 degrees 34 minutes 36 seconds East a distance 8.-72 feet and corner; thence proceed South 29 minutes 53 seconds East a distance of 398.16 feet and corner; thence proceed South 89 degrees 54 minutes 37 seconds West a distance of 8.04 feet and corner; thence proceed North 34 minutes 9 seconds West a distance of 298 feet; thence proceed North 31 minutes 44 seconds West a distance of 100 feet to the point of beginning.
The above described property is a portion of that acquired by the defendants by Acts of Sale recorded January 11, 1968 and November 16, 1967, recorded in Book 134, Page 333 and recorded in Book 133, Page 488, of the conveyance records of Livingston Parish, State of Louisiana.”
Relying upon the appraisals of two qualified appraisers, the Department of Highways deposited the sum of Six Hundred Twenty-eight and no/100 ($628.00) Dollars into the registry of court for the approximate 3,316 square feet taken, at the time that suit was filed July 24, 1969. Defendants answered timely, claiming Two Thousand Nine Hundred Forty and No/100 ($2,940.00) Dollars, as just compensation for the value of the portion taken, land and improvements, consisting of 80 square feet of concrete. There was no claim of severance damage. At the time of the talo-ing the property was zoned commercial.
Prior to the taking of testimony in the instant case the trial judge agreed, in accordance with stipulation of opposing counsel, that the applicable testimony relative to comparable sales elicited in the companion case of State of Louisiana through the Department of Highways v. Rubin Spillman, La.App., 276 So.2d 905, would be incorporated as part of the testimony of the witnesses herein. After trial on the merits the trial court awarded defendants Two Thousand Six Hundred Seventy and No/100 ($2,670.00) Dollars for the part taken and fixed the fees of the defendants’ appraisers at Five Hundred and No/100 ($500.00) Dollars each for trial preparation and One Hundred Fifty and No/100 ($150.00) Dollars per day for testimony in court, or a total of Six Hundred Fifty and No/100 ($650.00) Dollars each.
Plaintiff has appealed from this judgment asking for a reduction and specifying the following errors.
“1. The trial Court committed manifest error in holding that the estimates of the *914 appraisers for Plaintiff was not well founded, based upon their comparable sales.
2. The trial Court committed manifest error in accepting the testimony of Mr. Kermit A. Williams, based on only one comparable sale.
3. The trial Court erred in awarding appraisers’ fees, based on agreements between the appraisers and their employers.”
Defendants filed no answer to the appeal.
After reviewing the records in the instant case and its companion case, our Docket No. 9271, we find that the respective properties expropriated by the Department in the two suits are almost, if not entirely, identical tracts. A larger portion of the Spillman ownership was taken than was expropriated from the defendants here, but the respective parcels have the same general characteristics, being located in the same immediate area, with the highest and best use conceded to be commercial. The market data approach in fixing the value of the parts taken from Spillman on the one hand and Mellon and Nesom on the other hand must produce unquestionably the same result.
There is no cogent reason or supportive data which justifies an adjustment upward of the subject property to the sum of 80‡ per square foot.
For the same reasons expressed in our Docket No. 9271 we conclude that the market value of the property taken from the defendants by the Department was the sum of 49‡ per square foot.
Therefore, it is ordered, adjudged and decreed that the judgment of the trial court awarding the defendants, Robert S. Mellon and J. Douglas Nesom, compensation of $2,670.00 for land taken, be and the same is hereby amended to reduce said award to the sum of $1,624.84, subject to a credit in favor of the State, Through the Department of Highways, m the sum of $628.00, and, in all other respects, the judgment is affirmed. The State'' shall bear all costs of these proceedings, for which it is responsible by law.
Amended and affirmed.